[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15095

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-22570-JEM

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff - Appellee,

versus

U.S. PENSION TRUST CORP.,
U.S. COLLEGE TRUST CORP,
ILIANA MACEIRAS,
LEONARDO MACEIRAS, JR.,
NILDO VERDEJA,

                                        Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 26, 2011)

Before EDMONDSON, BARKETT and SUHRHEINRICH,* Circuit Judges.

PER CURIAM:

After a five day bench trial, the district court found Defendants United States Pension Trust Corporation, United States College Trust Corporation, Iliana Maceiras, Leonardo Maceiras, Jr. and Nildo Verdeja (collectively "Defendants") guilty of violating various federal securities laws. Specifically, it found that Defendants had violated the antifraud provisions of the federal securities laws (Sections 17(a)(1)-(3) of the Securities Act of 1933, codified at 15 U.S.C. §77q(a) and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934, codified at 15 U.S.C. §78j(b) and 18 C.F.R. § 240.10b-5, respectively; that United States Pension Trust Corporation (USPT) and United States College Trust Corporation (USCT) had violated the broker/dealer registration provisions of the laws (Section 15(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. §78o(a)(1); and that Iliana Maceiras, Leonardo Maceiras, Jr. and Nildo Verdeja (collectively, the Individual Defendants) had aided and abetted those registration violations (Section 15(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. §78o(a)(1).

---

*Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

On appeal, the Individual Defendants accept all but two of the district court's findings of fact and conclusions of law. First, while they do not challenge the district court's conclusion that they materially misled potential investors, they argue that the court erred in finding that they had the requisite scienter to violate the federal securities laws. Second, they argue that the district court erred in ordering disgorgement of the Individual Defendants' salaries and in imposing civil penaltieis. If disgorgement was proper, they contend that the amount was improperly calculated because it failed to deduct the sum of ill-gotten gains paid to the government in income taxes. In addition, Individual Defendant Nildo Verdeja objects to including in the figure a salary from 1996, since he was not employed by USPT/USCT until 1997 or 1998. These matters are reviewed under the clearly erroneous standard. *S.E.C. v. Merch. Capital, LLC*, 483 F.3d 747, 754 (11th Cir. 2007); *S.E.C. v. Utsick*, 373 F. App'x 924, 927 (11th Cir. 2010).

The district court's fact findings regarding scienter are supported by the record and are not clearly erroneous. It was reasonable for the district court to infer scienter from the nature and severity of the Individual Defendants' admitted misrepresentations which included, *inter alia*, the Individual Defendants' failure to reveal a conflict of interest that could compromise the trustworthiness of USPT's investment recommendations; as well as the non-disclosure of or

3

mislending statements about the fact that investors would not break even on their investments for more than five years. Moreover, the district court was in the proper position to assess the credibility of the evidence and the truthfulness of the Individual Defendants, all of whom testified at trial.

Because the district court properly found scienter, it properly ordered disgorgement. The court's disgorgement figure was a reasonable approximation of the amount necessary to deprive the Individual Defendants of their ill-gotten gains. See *S.E.C. v. ETS Payphones, Inc*., 408 F.3d 727, 735 (11th Cir. 2005) ("[A] reasonable approximation of a defendant's ill-gotten gains [is required] . . . . Exactitude is not a requirement.") (citing *S.E.C. v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004)). We know of no authority, and the Individual Defendants cite none, requiring the court to deduct from the disgorgement figure the amount of ill-gotten gains paid to the government in income tax.[1] Regarding Mr. Verdeja's salary, the district court found that Mr. Verdeja began work around 1997 or 1998.

---

[1]Indeed, courts have held to the contrary. Though not binding in this Court, we find the reasoning of the Southern District of Florida persuasive. *See S.E.C. v. Huff*, No. 08-60315-CIV, 2011 WL 1102777, at *6 (S.D. Fla. Mar. 23, 2011) ("[B]ut for the use of the improperly-obtained monies to pay the tax liability on the income, the person receiving the income would have had to have paid the taxes on the sum . . . it matters not how the ill-gotten gains were ultimately expended, so long as the spending of the ill-gotten gains bestowed a benefit on the person from whom the monies are to be disgorged."). *See also S.E.C. v. Utsick*, No. 06-20975-CIV, 2009 WL 1404726, at *7 (S.D. Fla. May 19, 2009) (ordering disgorgement of an amount equal to the sum of ill-gotten gains paid by defendant in personal income taxes).

4

In any event, the court's calculation meets the reasonable approximation standard articulated in *ETS Payphones* and is not clearly erroneous.

The district court's decision in this case is **AFFIRMED**.